UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON, | No. 2:23-cv-01971-CKD P |
| Plaintiff, | |
| v. | ORDER |
| ROB BONTA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

## II. Allegations in the Complaint

Plaintiff is a Mexican national serving a 21 year-to-life sentence at Mule Creek State Prison ("MCSP").  Named as defendants in this action are the California Attorney General, the warden at MCSP, and John Does 1-100 who are unnamed prison staff.  The complaint alleges that defendants have failed to investigate and stop the illegal actions of other officials based on their prejudice or hatred of plaintiff.  Plaintiff additionally recounts the constitutional violations that occurred during his 1992 state criminal trial.  Plaintiff requests only injunctive relief in the form of a criminal investigation, a new trial or resentencing in state court, as well as his immediate deportation to Mexico.  ECF No. 1 at 15, 18.

## III. Legal Standards

### A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of

2

plaintiff's federal rights.

### B. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### C. Heck and Habeas Relief

While not entirely clear, it appears plaintiff believes he should be released from prison. When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus which plaintiff would seek under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Also, to the extent plaintiff seeks damages, plaintiff is informed he cannot proceed on a §1983 claim for damages if the claim implies the invalidity of his conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

### IV. Analysis

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff does not describe how defendants actually violated his constitutional rights. The majority of his complaint is focused on his state criminal trial. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Moreover, plaintiff must allege with at least some degree of particularity overt acts which

defendants engaged in that support plaintiff's claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

### V.  Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI.  Other Pending Motions

Since filing his complaint, plaintiff has filed five additional motions seeking various forms of immediate relief from this court. See ECF Nos. 11, 13, 15-16. In addition to these pending motions, plaintiff also filed four separate pleadings titled "notices." See ECF Nos. 6, 9-10, 14. The undersigned will defer consideration of these motions until such time as plaintiff files an amended complaint that conforms to the pleading standards identified in this order and adequately states a cognizable claim for relief. See Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (emphasizing that "[d]istrict courts have inherent power to control their dockets.").

### VII. Warning to Plaintiff of Potential Filing Restrictions

Based on this record of excessive filings, plaintiff is additionally cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court when it is determined that he has filed excessive motions in a pending action. DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F2d 351, 352 (10th Cir. 1989). Plaintiff is cautioned that this court views the number of motions filed to date as excessive and that consideration will be given to restricted court access if plaintiff does not exercise immediate restraint from this point forward. If plaintiff ignores this warning and files any additional pleading other than a first amended complaint, this court will immediately impose filing restrictions in this case and will strike all further pleadings from the docket that are filed in violation of this order.

### VIII. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendants. Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order. If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims. Be aware that the relief you seek may not be available in a civil rights action filed pursuant to 42 U.S.C. § 1983. This court does not have the ability to order your release from prison or to require that you be immediately deported to Mexico in the present action. If you are seeking these forms of relief, you should file a federal habeas petition pursuant to 28 U.S.C. § 2254 and not a federal civil rights complaint.

Be advised that the Prison Litigation Reform Act limits the number of civil actions or appeals that a prisoner may commence without prepayment of fees. See 28 U.S.C. § 1915(g). Once a prisoner files three or more civil actions or appeals that are dismissed as frivolous, malicious, or fail to state a claim, the ability to proceed in forma pauperis may be revoked by the

court. See 28 U.S.C. § 1915(g).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. **Plaintiff is cautioned against filing excessive motions and pleadings in this case that prevent the court from adjudicating plaintiff's complaint in a timely manner. If plaintiff files any pleading other than a first amended complaint, this court will immediately impose filing restrictions in this case and will strike all further pleadings from the docket that are filed in violation of this order.**

Dated: December 1, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/cald1971.14.new+warning