UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARLOS CALDERON,

Plaintiff,

v.

ROB BONTA, et al.,

Defendants.

No.  2:23-cv-01971-KJM-CKD

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On September 11, 2024, this matter was referred to the undersigned for screening of plaintiff's first amended complaint docketed on January 22, 2024. ECF No. 32.

**I.     Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court will dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

/////

1

## II.    Allegations in the First Amended Complaint

The first amended complaint describes numerous events that have occurred to plaintiff during the last 15 years while he has been incarcerated at Mule Creek State Prison.  ECF No. 23. He names Warden Covello, Homes, Mora, Brones, Vue, Gamez, Aguilar, Rudas, Wong, Mosely, Rojas, Vaghn, Martinez, and John Does 1-16 as defendants in this action.

Plaintiff alleges that he has been subjected to multiple surgeries against his will, including having a chip implanted in his brain to monitor him; emotional and psychological manipulation; violence; and deficient medical care for numerous medical conditions.  Defendants have allegedly denied plaintiff's administrative grievances and refused to investigate the wrongful conduct that is the subject of plaintiff's amended complaint.  Plaintiff also alleges that his personal property and mail have been wrongfully confiscated and destroyed in order to deny him justice and interfere with his legal cases.

## III.    Analysis

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has failed to state any claim upon which relief may be granted against defendants.  The allegations in the amended complaint are so vague and conclusory that they do not provide adequate notice as to the particular actions of any defendant which constituted a violation of plaintiff's rights.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The amended complaint contains additional defects.  The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claims.  Jones, 733 F.2d at 649.  Instead, plaintiff makes sweeping statements such as "defendants Rudas, Wong, and Does 11-13 have acted with undue deliberate indifference… to cause deadly harm and painful suffering; defendants Moseley, Rojas, Vaghn, and Martinez in charge of prison grievance system

2

1    have failed to take any reasonable action; [and], Does 14-16… unlawfully and very maliciously

2    censored and confiscated most of all of plaintiff's mail…." ECF No. 23 at 3.  Such

3    generalizations fail to adequately state a claim for relief against the defendants in this action.

4         Additionally, despite being previously advised that supervisory liability is not a basis for a

5    cause of action under § 1983, plaintiff once again named the warden as a defendant without

6    linking him to any act or omission that constituted a violation of plaintiff's federal rights.  See

7    ECF No. 18 at 3 (screening order of original complaint).

8         With respect to the defendants who reviewed plaintiff's administrative grievances, the

9    existence of a prison grievance procedure establishes a procedural right only and "does not confer

10   any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)

11   (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty

12   interest in processing of appeals because no entitlement to a specific grievance procedure).  This

13   means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for

14   liability under Section 1983.  Buckley, 997 F.2d at 495.  "Only persons who cause or participate

15   in the violations are responsible.  Ruling against a prisoner on an administrative complaint does

16   not cause or contribute to the violation.  A guard who stands and watches while another guard

17   beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a

18   completed act of misconduct does not."  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007)

19   (citations omitted).  Therefore, plaintiff fails to state any claim for relief against the grievance

20   administrators who are named as defendants in the amended complaint.

21        For all these reasons, the undersigned recommends dismissing plaintiff's first amended

22   complaint for failing to state a claim upon which relief may be granted.

23        **IV.   Leave to Amend**

24        Once the court finds that a complaint should be dismissed for failing to state a claim, the

25   court has discretion to dismiss it with or without leave to amend.  Leave to amend should be

26   granted if it appears possible that the defects in the complaint could be corrected, especially if a

27   plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v.

28   United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to

3

1   amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that

2   the deficiencies of the complaint could not be cured by amendment." (citation omitted).

3   However, if, after careful consideration, it is clear that a claim cannot be cured by amendment,

4   the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.  It appears to the court

5   that further amendment of this case would be futile because the deficiencies have not been cured

6   despite being given prior leave to amend.  Therefore, the undersigned recommends that the

7   amended complaint be dismissed without further leave to amend.  Klamath-Lake Pharm. Ass'n v.

8   Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to

9   amend shall be freely given, the court does not have to allow futile amendments).

10          **V.     Motions for Equitable and Injunctive Relief**

11          Also pending before the court are plaintiff's motions seeking a litany of remedies

12   including, but not limited to, relief from his state criminal conviction (ECF No. 11 at 2-4); the end

13   to "public corruption, concealment/fraud/lies/racial bias/prejudice/abuse of power/authority…,"

14   (ECF No. 13 at 3); and, a surgery to fix his hernia, intestinal disfunction, and stomach ulcer (ECF

15   No. 15 at 2).

16          "The proper legal standard for preliminary injunctive relief requires a party to demonstrate

17   'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

18   absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

19   is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing

20   Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted).

21   The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the

22   Supreme Court's four-part Winter's standard.  Alliance for Wild Rockies v. Cottrell, 632 F.3d

23   1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing

24   of one element to offset a weaker showing of another element).  "In other words, 'serious

25   questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can

26   support issuance of an injunction, assuming the other two elements of the Winter test are also

27   met."  Alliance, 632 F.3d at 1131-32 (citations omitted).  Additionally, in cases brought by

28   prisoners involving conditions of confinement, any preliminary injunction "must be narrowly

                                                        4

drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings."  Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)).  The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims.  See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff has not demonstrated that he is likely to succeed on the merits because it is recommended that his amended complaint be dismissed for failing to state a claim for relief. Plaintiff has not supported his motions for injunctive relief with any evidence beyond the allegations in his amended complaint.  As a result, he has not met his burden of entitlement to any injunctive relief.  Therefore, it is recommended that his motions for equitable and injunctive relief be denied.

**VI.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your first amended complaint and determined that it does not state any federal claim for relief against the defendants.  You have not alleged any specific facts regarding what each defendant did that you believe violated your rights.  It is recommended that the amended complaint be dismissed without leave to amend because you have not provided any new, specific facts regarding the alleged violations.  It does not appear to the court that these problems are fixable.  Since it is recommended that your amended complaint be dismissed, it is also recommended that your pending motions for injunctive relief be denied as moot.

If you disagree with these recommendations, you have 14 days to explain why they are not the correct outcome in your case.  Label your explanation "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned your case will then review the objections and make the final decision in this matter.

5

1    In accordance with the above, IT IS HEREBY RECOMMENDED that:

2       1.  Plaintiff's first amended complaint (ECF No. 23) be dismissed without further leave to

3           amend for failing to state a claim.

4       2.  Plaintiff's motions for equitable and injunctive relief (ECF Nos. 11, 13, 15-17) be

5           denied as moot.

6       3.  All other pending motions be denied based on the dismissal of the amended complaint.

7       These findings and recommendations are submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9    after being served with these findings and recommendations, any party may file written

10   objections with the court and serve a copy on all parties.  Such a document should be captioned

11   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

12   objections shall be served and filed within fourteen days after service of the objections.  The

13   parties are advised that failure to file objections within the specified time may waive the right to

14   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15   Dated:  September 13, 2024

16                                                      _____
                                                        CAROLYN K. DELANEY
17                                                      UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23   12/cald1971.F&R.FAC

24

25

26

27

28

                                                   6